IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MATTHEW TRAVON JONES     PLAINTIFF

VERSUS     CIVIL ACTION NO. 1:09cv633-LG-JMR

DONALD A. CABANA,
PHILLIP TAYLOR, and JOE COLLINS     DEFENDANTS

## REPORT AND RECOMMENDATION:

This matter comes before the Court pursuant to a Motion [36-1] to Dismiss filed on behalf of the Defendants, Donald A. Cabana, Phillip Taylor, and Joe Collins due to the failure of Plaintiff, Matthew Travon Jones, to advise the Court of a change of address and to prosecute this action.[1] Defendants motion is accompanied by a Memorandum [37-1] in Support. To date, Plaintiff has not filed a Response in Opposition. After carefully considering the record of the proceedings, along with the applicable law, the Court recommends that the Defendants' Motion [36-1] to Dismiss be granted.

Plaintiff filed this *pro se* § 1983 action on August 19, 2009, alleging that Defendants violated his constitutional rights by failing "to establish a religious service for inmates of Islamic faith." (*See* Compl. [1-1].) Plaintiff was advised of his duty to inform the Court of any change of address by Order [3] issued on August 24, 2009, by Order [6] issued on September 8, 2009, and by Order [9] issued on September 21, 2009. On February 26, 2010, the Defendants filed a Notice [33-1] of Returned Mail, indicating that their Discovery Requests were returned as unclaimed. (*See* Returned [33-1] Mail.) On March 17, 2010, Defendants filed the present Motion [36-1] to Dismiss.

---

[1] The Court notes that Defendants also seek dismissal based on Plaintiff's failure to appear at his deposition, however, the Court, at the present time, will only address Plaintiff's failure to update his address in the present report and recommendation.

On March 29, 2010, in an effort to ascertain Plaintiff's whereabouts, the Court utilized the Mississippi Department of Corrections website in order to determine whether Plaintiff had been transferred into the custody of the MDOC. The Inmate Search revealed that a "Matthew Jones," MDOC inmate number 104476, was recently released onto the South Mississippi House Arrest program. The Court then contacted the MDOC and was informed that Matthew Jones' (MDOC # 104476) current address on record is 258 Bowen Street, Biloxi, Mississippi 39530. The Court notes that this is the same address Plaintiff has listed as his current address for the present lawsuit. Thereby, that same day, the Court entered its first Order to Show Cause directing Plaintiff to update his address and show cause as to why this case should not be dismissed for failure to prosecute. (*See* Order [44].) However, this Court's Order [44] was returned as undeliverable on April 26, 2010. (*See* Returned [46-1] Mail.)

After receiving no response from Plaintiff, on April 22, 2010, in another attempt to ascertain Plaintiff's whereabouts, the Court once again utilized the Mississippi Department of Corrections website in order to determine whether Plaintiff had been transferred into the custody of the MDOC. The Inmate Search revealed that Plaintiff remained on the South Mississippi House Arrest Program. The Court again confirmed Plaintiff's house arrest address with MDOC as being 258 Bowen Street, Biloxi, Mississippi 39530, the same address listed in the present lawsuit. That same day, this Court entered a second Order to Show Cause for Plaintiff's failure to update his address and failure to respond to this Court's previous Order [44]. (*See* Order [45].) Further, the Court cautioned Plaintiff that his failure to respond in a timely manner could result in the immediate dismissal of this action. Plaintiff's response was due on or before May 12, 2010. The Order to Show Cause was forwarded to Plaintiff by certified mail, return receipt requested. (*See* Order [45].) To date, Plaintiff has not responded. The Court also notes that the mail being sent to Plaintiff is being returned as

"unclaimed." (*See* Notices [33-2, 39-2, 40-2, 41-2].)

At the present, Plaintiff has not made any contact with the Court since last updating his address on February 3, 2010. Also, almost all correspondences from the Court and Defendants to Plaintiff since February 3, 2010, have been returned as either undeliverable or unclaimed. The Court recognizes the distinction between certified mail that is returned as "unclaimed" as opposed to "refused." *See Pittman v. Triton Energy Corp.*, 842 F. Supp. 918, 922 (S.D. Miss. 1994). However, the Court notes that it appears Plaintiff is refusing to accept certified mail that is sent from either the Defendants or the Court.

Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of the a federal trial court to dismiss a Plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

Additionally, incarcerated Plaintiffs have a duty to inform the court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.*, Civil Action No. 87-3951, 1988 WL 54768 *1 (E. D. La. 1988); *Carey v. King*, 856 F.2d

1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the court of a change in the Plaintiff's address may result in dismissal. *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey*, 856 F.2d at 1440-41. In the words of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Plaintiff's failure to comply with this Court's orders has caused considerable delay. To date, the Plaintiff has failed to update his address or respond to the March 29, 2010 Order [44] to Show Cause or the April 22, 2010 Order [45] to Show Cause. Plaintiff has not taken any action in prosecuting the instant cause in over three (3) months. Based on the foregoing, this Court is of the opinion that Plaintiff has failed to advise this Court of his change of address and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Furthermore, this Court is of the opinion that the Plaintiff has failed to show cause why this case should not be dismissed, as ordered by this Court on March 29, 2010, and on April 22, 2010. Therefore, this Court recommends that this case be dismissed without prejudice for Plaintiff's failure to prosecute.

In accordance with the Rules of this Court, any party, within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing

party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

SO ORDERED this the   17th   day of May, 2010.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE